**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MATTHEW JENSEN | : | |
| | : | |
| Appellant | : | No. 2484 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 22, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003411-2018

BEFORE:   SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED JUNE 22, 2020**

Appellant Matthew Jensen appeals from the judgment of sentence entered by the Court of Common Pleas of Lehigh County after Appellant pled guilty to third-degree murder and firearms not to be carried without a license.[1] Counsel has filed a petition to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "**Anders** brief").  After careful review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

On July 26, 2018, at approximately 10:30 a.m., Allentown police officers were dispatched to a reported shooting at 1905 17th Street SW in Allentown. When the officers arrived, they observed Kristina Fenstermaker ("the victim")

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 2502(c) and § 6106(a)(1), respectively.

on the stoop of the residence with a bleeding gunshot wound to the chest. After the victim was transported to a local hospital, she passed away after lifesaving treatment was unsuccessful. Notes of Testimony ("N.T."), Plea Hearing, 4/5/19, at 19-20.

Autopsy results revealed gunshot wounds to the victim's arm and torso. Medical examiners determined that a single bullet initially hit the victim's right bicep, exited her arm, went into her chest, and struck her liver, diaphragm, and a major vein. The victim's cause of death was determined to be her gunshot wounds and her manner of death was to determined to be homicide. N.T., Plea Hearing, at 19-20.

Immediately after the first responders arrived on the scene, the victim told officers and emergency personnel that she had been shot by Appellant, a man she was living with at that time. Following the shooting, Appellant fled to Phillipsburg, New Jersey, where he was ultimately taken into custody at a Wal-Mart. The arresting officers discovered a loaded AR-15 in his vehicle. Police also discovered that Appellant had purchased a "burner" phone and new clothes after the shooting to aid in his attempt to evade apprehension. N.T., Plea Hearing, at 21-23, 29. When searching Appellant's home, the officers discovered large amounts of blood in the kitchen, an AR-15 casing in the kitchen sink, additional ammunition, and tools and parts that could be used to build, disassemble, or modify an assault rifle. N.T., Plea Hearing, at 23.

When detective interviewed Appellant, he confessed to shooting the victim but claimed that it was unintentional. The shooting occurred in the

kitchen when the couple began to argue after Appellant questioned the victim's fidelity. During the argument, Appellant pointed his AR-15 at the victim and did not have the safety on the gun. Appellant admitted that he had modified the rifle's trigger in order to require less pull to fire the weapon. N.T., Plea Hearing, at 25-27.

Appellant claimed that he taken methamphetamine before the argument and accidentally fired the gun at the victim. Appellant admitted that he did not attempt to seek help for the victim, but panicked and fled the scene. However, Appellant asserted that he called a friend and directed him to call 9-1-1 and direct them to Appellant's residence. N.T., Plea Hearing, at 26-28.

After police detectives examined Appellant's AR-15, the officers determined that the firearm was fully functional. When the weapon was test-fired multiple times, it never discharged accidentally as Appellant claimed but only fired when the trigger was pulled. Detectives and medical examiners agreed that the victim had been shot close range, such that the firearm was less than six inches from the victim's body when it was fired. N.T., Plea Hearing, at 27.

After Appellant entered his guilty plea in connection with the victim's murder, on May 22, 2019, the lower court sentenced Appellant to eighteen to forty years' imprisonment on the third-degree murder charge and a concurrent sentence of one to three years' imprisonment on the firearms charge. On June 3, 2019, Appellant filed a timely motion to modify his sentence, which the lower court subsequently denied.

Appellant filed this appeal and complied with the lower court's direction that he file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Thereafter, Appellant's counsel filed an *Anders* brief and a petition to withdraw.

We must evaluate counsel's request to withdraw before reaching the merits of the case. *Commonwealth v. Washington*, 63 A.3d 797, 800 (Pa.Super. 2013); *see also Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa.Super. 2005) (stating, "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw") (citation omitted).

There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). We further review counsel's *Anders* brief for compliance with the requirements set forth in *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009):

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth

- 4 -

counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id*. at 178-79, 978 A.2d at 361.

In this case, counsel's brief and petition substantially comply with the technical requirements of **Anders** and **Santiago**. Moreover, counsel has provided this Court with a copy of the letter, which he sent to Appellant advising him of his right to retain new counsel, proceed further with his case *pro* se, and raise any points that he deems worthy of this Court's attention. **See Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005). Therefore, we proceed to examine the issue counsel identified in the **Anders** brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted).

Appellant claims the lower court imposed a manifestly excessive sentence. The following principles apply to our consideration of Appellant's challenge to the discretionary aspects of his sentence:

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

- 5 -

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.

***Commonwealth v. Manivannan***, 186 A.3d 472, 489 (Pa.Super. 2018) (quotation marks, some citations, and emphasis omitted).

In this case, Appellant has: (1) timely filed a notice of appeal, (2) preserved the instant issue in a post-sentence motion, and (3) included a Rule 2119(f) statement in his brief. We turn to the next requirement: whether Appellant raised a substantial question meriting our discretionary review. This Court has recognized that:

[t]he determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Id.*** (quotation marks and some citations omitted).

Appellant argues that the lower court overemphasized the severity of his offense and did not consider his need for mental health treatment, his lack of remorse, his lack of a criminal record, and his unfamiliarity with the murder weapon. This Court has held that a "claim that the trial court focused exclusively on the seriousness of the crime while ignoring other mitigating circumstances … raises a substantial question." ***Commonwealth v. Knox,***

- 6 -

165 A.3d 925, 929–30 (Pa.Super. 2017) (citing *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa.Super. 2015) (*en banc*)).

In reviewing a challenge to the trial court's sentencing discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa.Super. 2015) (quotation omitted).

Moreover, "[a]lthough Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010) (citation omitted). In reviewing the sentence, an appellate court shall have regard for: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. *See* 42 Pa.C.S.A. § 9781(d)(1)–(4). These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the

community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

This Court has also recognized that:

Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 519 Pa. 88, 101-102, 546 A.2d 12, 18 (1988). **See also Commonwealth v. Tirado**, 870 A.2d 362, 368 (Pa.Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. See **Commonwealth v. Cruz-Centeno**, 447 Pa.Super. 98, 668 A.2d 536 (1995), appeal denied, 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

**Moury**, 992 A.2d at 171 (quotation marks and quotations omitted).

The trial court considered Appellant's presentence investigation report as well as the testimony of defense expert, Dr. Frank M. Dattilio, Ph.D., who prepared a psychological evaluation and mitigation report after he interviewed Appellant. Thereafter, the lower court imposed a sentence in the standard range of the sentencing guidelines.[2] As such, the trial court's sentence was appropriate under the Sentencing Code.

_____

[2] The standard range of the guidelines for Appellant's third-degree murder charge was 186-240 months' imprisonment. The standard range of the guidelines for Appellant's firearms charge was 36-42 months' imprisonment. The trial court ultimately sentenced Appellant to 18-40 years' imprisonment

Furthermore, contrary to Appellant's suggestion, the trial court specifically stated on the record at sentencing that it considered Appellant's "pervasive" mental health issues, significant rehabilitation needs, his professed remorse, abuse of controlled substances, the absence of a significant criminal record, and his assertion that he accidentally fired the murder weapon. N.T. Sentencing, 5/22/19, at 105-109.

However, the lower court emphasized that Appellant was unwilling to undergo treatment and refused to take prescribed medication for his diagnosed mental health issues. In addition, the lower court found Appellant not credible when he claimed that he was unfamiliar with how to operate the murder weapon as Appellant admitted that he modified the trigger on the AR-15 himself. In light of Appellant's intricate knowledge of the firearm, his tumultuous relationship with the victim, and the fact that he fled the scene to evade apprehension, the trial court reasoned that the possibility that Appellant accidentally pulled the trigger of his firearm was "relatively remote" as his actions were "inconsistent with an innocent person or [a] person who is doing something accidental." N.T. Sentencing, at 103-105.

After examining the issues contained in the **_Anders_** brief, we agree with counsel's assessment that Appellant's sentencing challenge is wholly frivolous. "Furthermore, after conducting a full examination of all the proceedings as

_____

(216 to 480 months) on the murder charge and a concurrent term of one to three years' imprisonment on the weapons charge. As such, the trial court's sentences were within or below the standard range of the guidelines.

- 9 -

required pursuant to **Anders**, we discern no non-frivolous issues to be raised on appeal." **Yorgey**, 188 A.3d at 1195.  Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/20